# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR COOKE, | : |
|     Petitioner | : |
| | :    No. 1:12-cr-6-18 |
| v. | : |
| | :    (Judge Kane) |
| UNITED STATES OF AMERICA, | : |
|     Respondent | : |

## MEMORANDUM

Presently before the Court is Petitioner Omar Cooke ("Petitioner")'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1115), motion to withdraw his § 2255 motion (Doc. No. 1126), motion for clarification (Doc. No. 1127), an additional motion to vacate, set aside, or correct his sentence pursuant to § 2255 (Doc. No. 1129), memorandum and affidavit in support thereof (Doc. Nos. 1130, 1131), motion to appoint counsel (Doc. No. 1132), motion to amend his § 2255 motion (Doc. No. 1136), and Petitioner's response to the Court's June 28, 2019 Order directing him to show cause why his § 2255 motion should not be dismissed as untimely (Doc. No. 1153). For the reasons that follow, the Court will dismiss Petitioner's § 2255 motions as untimely and deny as moot Petitioner's remaining motions.

## I. BACKGROUND

On July 25, 2012, a grand jury returned a second superseding indictment charging Petitioner with: conspiracy to distribute and possess with the intent to distribute cocaine hydrochloride, crack cocaine, and heroin; distribution and possession with the intent to distribute more than five (5) kilograms of cocaine hydrochloride and more than 280 grams of cocaine base; and conspiracy to possess firearms in furtherance of drug trafficking. (Doc. No. 102.) Paul J. Kovatch ("Attorney Kovatch") represented Petitioner, who entered into plea negotiations with

the Government, resulting in a plea agreement. (Doc. No. 590.) The agreement called for Petitioner to plead guilty to a superseding information (Doc. No. 591) charging him with conspiracy to distribute and possess with the intent to distribute cocaine hydrochloride (Doc. No. 590 ¶ 1). In the plea agreement, Petitioner and the Government agreed that Petitioner was responsible for more than five (5) kilograms and less than fifteen (15) kilograms of cocaine hydrochloride. (Id. ¶ 14.)

On August 18, 2014, Petitioner appeared before Magistrate Judge Martin C. Carlson for a change of plea hearing. (Doc. No. 620.) Magistrate Judge Carlson concluded that Petitioner was fully competent to enter an informed plea, understood the consequences of his plea, that he was pleading guilty knowingly and voluntarily, and that the plea was supported by an independent basis in fact. (Id.) On that date, Magistrate Judge Carlson recommended that this Court accept Petitioner's guilty plea. (Id.) On September 8, 2014, the Court adopted Magistrate Judge Carlson's Report and Recommendation and accepted Petitioner's guilty plea. (Doc. No. 648.)

The United States Probation Office prepared a Presentence Report ("PSR"), which concluded that Petitioner qualified as a career offender pursuant to § 4B1.1 of the Sentencing Guidelines because he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." (PSR ¶ 23.) Specifically, the Probation Office noted that Petitioner had twice previously been convicted of a controlled substance offense. (Id. ¶¶ 31, 33.) With the career offender enhancement, Petitioner's offense level was 32, and he fell within criminal history category six (6). (Id. ¶¶ 23, 41.)

The parties then appeared before the Court for Petitioner's sentencing on April 10, 2015. (Doc. No. 986.) The Court noted that Petitioner's total offense level of 32 and criminal history category of six (6) resulted in a Sentencing Guidelines range of 210 to 240 months of

imprisonment. (Id. at 2.) Attorney Kovatch objected to the career offender calculation, arguing that Petitioner's criminal history category overrepresented his criminal history. (Id. at 2-4.) The Court overruled the objection, concluding that there was no question that Petitioner was a career offender. (Id. at 8.) Ultimately, the Court sentenced Petitioner to 188 months of incarceration. (Id. at 36; Doc. No. 819.) Petitioner did not appeal.

On May 26, 2017, Petitioner, proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1115.) In that motion, Petitioner raises the following claims for relief:

> Ground One: Petitioner's Fifth Amendment rights were violated when the Court applied the career offender provision without applying the categorical approach announced in Mathis v. United States, 136 S. Ct. 2243 (2016); Johnson v. United States, 135 S. Ct. 2551 (2015); and Descamps v. United States, 570 U.S. 254 (2013);
>
> Ground Two: Trial and appellate counsel rendered ineffective assistance by failing to challenge the career offender classification; and
>
> Ground Three: Petitioner's Fifth Amendment rights were violated when his base offense level was enhanced "by adding two levels for [his] placement [on] [p]robation in the [Commonwealth] of Pennsylvania."

(Id. at 4-7.) Subsequently, on September 29, 2017, Petitioner filed a motion to withdraw his § 2255 motion, maintaining that he wished to file a new § 2255 motion and longer wished to rely upon his initial motion. (Doc. No. 1126.) On November 6, 2017, Petitioner filed a new § 2255 motion (Doc. No. 1129), asserting the following claims for relief:

> Ground One: The Court did not "make a Rule 11 inquiry and did not tell [Petitioner he] had a right to a jury trial";
>
> Ground Two: Petitioner's attorney told him that he could not change his plea, and Petitioner learned that he could have under Rule 11;

> Ground Three: Petitioner's attorney erroneously told him that he could not change his mind and go to trial; and
>
> Ground Four: Petitioner's attorney failed to inform him that he had the right to be indicted by a grand jury.

(Id. at 4-8.) Petitioner also filed a memorandum and affidavit in support of his new § 2255 motion, as well as a motion to appoint counsel. (Doc. Nos. 1130, 1131, 1132.) On April 16, 2018, Petitioner filed a motion to amend his § 2255 motion, seeking to reassert his claims that he was erroneously deemed to be a career offender and that counsel failed to object to that enhancement. (Doc. No. 1136.)

In an Order dated June 28, 2019, the Court noted that Petitioner's § 2255 motions appeared to be untimely pursuant to 28 U.S.C. § 2255(f). (Doc. No. 1151.) The Court, therefore, directed Petitioner to show cause within thirty (30) days why his § 2255 motions should not be dismissed as untimely. (Id.) The Court noted that the Government may submit a reply to Petitioner's response within fourteen (14) days of its filing. (Id.) In an Order dated August 1, 2019, the Court granted Petitioner a thirty (30)-day extension to comply with the Court's June 28, 2019 Order after noting that the Court's June 28, 2019 Order may not have been mailed to Petitioner because the receipt pertaining to the docket entry indicated only that notice was electronically mailed to counsel associated with this matter. (Doc. No. 1152.)

Petitioner filed his response to the Court's show cause Order on August 26, 2019. (Doc. No. 1153.) The Government has neither filed a response nor requested an extension of time to do so. Accordingly, because the time period for the Government to respond to Petitioner's response has expired, Petitioner's § 2255 motions and related motions are ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). However, Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. See United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, Section 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." See Addonizio, 442 U.S. at 185.

## III. DISCUSSION

### A. Timeliness of Petitioner's § 2255 Motions

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from the time his conviction becomes final to file a Section 2255 motion. See 28 U.S.C. § 2244. Specifically, the one-year statute of limitations begins to run on any one of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented by making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2255(f).

As noted above, the one-year limitations period generally begins to run on "the date on which the judgment of conviction becomes final." See id. § 2255(f)(1). In this context, a judgment of conviction becomes final on the date on which the time for filing a timely direct appeal expires. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Here, Petitioner's judgment of conviction was entered on April 10, 2015. (Doc. No. 819.) He, therefore, had fourteen (14) days to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A)(i). Petitioner did not appeal, so his judgment of conviction became final on April 24, 2015. Therefore, Petitioner had one year from April 24, 2015, or until April 25, 2016, to file a timely § 2255 motion. A review of the record in this case reveals that Petitioner did not file his first § 2255 motion until May 26, 2017. (Doc. No. 1115.) Thus, Petitioner's § 2255 motions, filed on May 26, 2017 and November 6, 2017, are facially untimely unless Petitioner is entitled either to belated commencement of the limitations period under § 2255(f)(2)-(4) or equitable tolling.

### 1. Belated Commencement Under § 2255(f)(3)

Petitioner suggests that his § 2255 motions are timely under 28 U.S.C. § 2255(f)(3) because he filed his first § 2255 motion within one (1) year of the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016). (Doc. No. 1115 at 12.) In Mathis, the Supreme Court concluded that "a state crime cannot qualify as an [Armed Career Criminal Act] predicate if its elements are broader than those of a listed generic offense." See Mathis, 136 S. Ct. at 2251. The United States Court of Appeals for the Third Circuit has noted that Mathis applies to the career offender analysis under § 4B1.1 of the Sentencing Guidelines. See United States v. Glass, 904 F.3d 319, 321 (3d Cir. 2018).

The Third Circuit has not yet decided in a published opinion whether Mathis recognized a new right for purposes of § 2255(f)(3). It has, however, explained that:

> [e]very Court of Appeals to have addressed Mathis in [the context of an initial petition] or the context of successiveness—which requires a "new rule," 28 U.S.C. § 2255(h)(2)—has [concluded that Mathis is not new]. See, e.g., Dimott v. United States, 881 F.3d 232, 237 (1st Cir. 2018), cert. denied, No. 17-1251, --- U.S. ----, 138 S. Ct. 2678, ---- L. Ed. 2d ----, 2018 WL 1243146 (U.S. June 25, 2018); In re Conzelmann, 872 F.3d 375, 376-77 (6th Cir. 2017) (collecting cases). Other courts have concluded that Mathis's immediate predecessor, Descamps v. United States, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), is not "new" for purposes of § 2255(f)(3) either. See, e.g., Beeman v. United States, 871 F.3d 1215, 1219-20 (11th Cir. 2017); United States v. Morgan, 845 F.3d 664, 666-67 (5th Cir. 2017) (collecting cases). Their reasoning would appear to apply with equal force to Mathis as well.

Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 703 (3d Cir. 2018) (considering a Mathis claim brought under 28 U.S.C. § 2241 and declining to decide whether Mathis announces a new right under § 2255(f)(3)).[1] Moreover, in Mathis, the Supreme Court noted that its "precedents [concerning the Armed Career Criminal Act] make [it] a straightforward case," essentially stating that its holding was predicated on twenty-five (25) years of precedent. See Mathis, 136 S. Ct. at 2257. Accordingly, "Mathis [did] not announce a new right but simply applie[d] the Court's prior precedents to a new factual scenario." See Coleman v. United States, No. 17-4817 (SRC), 2018 WL 4688319, at *3 (D.N.J. Sept. 27, 2018). Petitioner, therefore, cannot rely upon Mathis to support the contention that his § 2255 motions are timely under § 2255(f)(3).[2]

---

[1] The Third Circuit further explained that "[i]f Mathis is not new, then it would be because Boatwright's challenge was available at least by the time the Supreme Court decided Descamps on June 20, 2013." See Boatwright, 742 F. App'x at 704 n.3. In the instant case, Petitioner's conviction became final on April 24, 2015, almost two (2) years after Descamps was decided. Thus, Petitioner would have been able to raise a timely claim pursuant to Descamps if he had filed his first § 2255 motion within one year of April 24, 2015, pursuant to § 2255(f)(1).

[2] Petitioner also references the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. Nos. 115 at 4; Doc. No. 1136 at 3.) In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act as unconstitutionally void for vagueness. See Johnson, 135 S. Ct. at 2557. On April 18, 2016, the Supreme Court held that

7

## 2. Belated Commencement Under § 2255(f)(4)

In his filings, Petitioner suggests that "he was not aware that he signed a consent form to have a Magistrate Judge conduct a Rule 11 hearing in his case prior to sentencing." (Doc. No. 1153 at 1.) He also maintains that he learned of his constitutional rights to be indicted by a grand jury and to proceed to trial only recently "when another inmate offered to help [him]." (Doc. No. 1129 at 11.) Liberally construing Petitioner's pro se filings, the Court construes Plaintiff's arguments to assert entitlement to belated commencement of the limitations period pursuant to § 2255(f)(4).

As noted above, if § 2255(f)(4) applies, the one-year limitations period for filing a § 2255 motion begins on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. § 2255(f)(4). "In other words, the limitations period begins when the petitioner knows—or, through diligence, could discovery—the important facts, not when the petitioner recognizes their legal significance." Harper v. United States, No. 4:07-CR-339, 2012 WL 32920, at *3 (M.D. Pa. Jan. 6, 2012) (citing Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004)).

In the instant case, Petitioner certainly could have been aware that he was appearing before Magistrate Judge Carlson at his change of plea hearing, which occurred on August 18, 2014. Moreover, at that time, he could have been aware that instead of pleading guilty to a

---

Johnson is a new substantive rule that is retroactively applicable to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257, 1268 (2016). To the extent Petitioner argues that his first § 2255 motion is timely pursuant to the Supreme Court's decision in Johnson, he cannot do so because he filed his motion more than one (1) year after Johnson was decided. In any event, Johnson is inapplicable to Petitioner's case because the Supreme Court has held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the due process clause" and "that § 4B1.2(a)'s residual clause is not void for vagueness." See Beckles v. United States, 137 S. Ct. 886, 896 (2017).

superseding information, he had the right to be charged by a grand jury and to proceed to trial on those charges. Although Petitioner may not have recognized the legal significance of these rights until recently, the Court finds that Petitioner could have known of the facts underlying his claims in 2014. Accordingly, the Court declines to find that Petitioner's § 2255 motions are timely under § 2255(f)(4).

### 3. Equitable Tolling

In his memorandum supporting his second § 2255 motion, Petitioner references equitable tolling. (Doc. No. 1130 at 1.) While not clear, it appears that Petitioner believes he is entitled to equitable tolling of the statute of limitations because of his "educational handicap." (Doc. No. 1153 at 1.) In an affidavit, Petitioner notes that he has "difficulty reading" and has attention deficit disorder. (Doc. No. 1131 at 1.)

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Accordingly, equitable tolling is to be applied sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006). The United States Court of Appeals for the Third Circuit has found that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). The petitioner bears the

burden of establishing that he is entitled to benefit from equitable tolling. See Pace, 544 U.S. at 418.

The Third Circuit has indicated that mental incompetence is not a per se cause for equitable tolling. See Champney v. Sec'y Pa. Dep't of Corr., 469 F. App'x 113, 117 (3d Cir. 2012) (citing Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001)). To receive the benefit of equitable tolling, a petitioner must demonstrate that the alleged mental impairment affected his ability to file a timely action. See id. Factors to consider include:

> (1) [whether] the petitioner [was] adjudicated incompetent and, if so, when did the adjudication occur in relation to the habeas statutory period; (2) [whether] the petitioner [was] institutionalized for his mental impairment; (3) [whether] the petitioner handled or assisted in other legal matters which required action during the federal limitations period; and (4) [whether] the petitioner supported his allegations of impairment with extrinsic evidence such as evaluations and/or medications.

Passmore v. Pennsylvania, No. 08-705, 2008 WL 2518108, at *3 (M.D. Pa. June 19, 2008). In the instant case, Petitioner has failed to substantiate his claims with any extrinsic evidence such as evaluations or prescribed medications. Significantly, Petitioner presents no evidence to suggest that his mental impairments affected his ability to timely file his § 2255 motions. The Court, therefore, declines to apply equitable tolling to render his motions timely filed. See Showers v. Kerestes, No. 11-950, 2012 WL 4478362, at *4 (W.D. Pa. Aug. 27, 2012) (concluding that habeas petitioner could not benefit from equitable tolling where he had failed to present evidence that his attention deficit disorder, bipolar disorder, and depression affected his ability to file a timely habeas petition), report and recommendation adopted, 2012 WL 4478315 (W.D. Pa. Sept. 27, 2012).

B.     **Evidentiary Hearing**

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. See Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Here, as discussed above, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Forte, 865 F.2d at 62). Accordingly, the Court finds no reason to hold an evidentiary hearing in this matter.

C.     **Certificate of Appealability**

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the Court concludes that jurists of reason

11

would not find the procedural disposition of this case debatable.  Accordingly, the Court will not issue a COA.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 motions (Doc. Nos. 1115, 1129) as untimely and will deny as moot Petitioner's related motions (Doc. Nos. 1126, 1127, 1132, 1136).  The Court will not conduct an evidentiary hearing and will not issue a COA.  An appropriate Order follows.